IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY DURHAM,

        Plaintiff,                                       No. CIV S-09-0331 MCE EFB PS

     vs.

P. REAGAN, J. DELGADILLO,
SOLANO STATE PRISON et al.,

        Defendants.                                   ORDER
_____/

     This case was referred to the undersigned pursuant to Local Rule 72-302(c)(17) and 28 U.S.C. § 636(b)(1). Plaintiff, a Solano State Prison prisoner without counsel, has filed a complaint alleging that he was permanently injured after falling on a pipe that remained exposed after the removal of a water fountain.

     Plaintiff has submitted an affidavit requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), and which demonstrates that he meets the financial requirements of 28 U.S.C. § 1915(a)(1) and (2).

     However, pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must still pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1) (applicable to all civil actions, including those alleging civil rights violations). Plaintiff must make monthly payments of twenty percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). Accordingly,

1

Solano State Prison will be directed to forward payments from plaintiff's trust account to the Clerk of this Court each time the amount therein exceeds ten dollars, until the filing fee is paid in full.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that, while plaintiff appears to state a prima facie claim for negligence, he does not appear to state a federal civil rights claim under 42 U.S.C. § 1983, and has therefore failed to establish this court's subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915A(b), the court is directed to dismiss a case if it determines that the action "is frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (Fed. R. Civ. P. 12(b)(6)). To avoid dismissal, the complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (emphasis deleted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Additionally, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim

2

showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp., supra*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Unless it is clear that no amendment can cure the defects of the complaint, a *pro se* litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Plaintiff's complaint states in pertinent part:

> On February 10, 2005, I slipped and fell over a safety hazard on Yard III at Solano State Prison where a water fountain had been removed and a protruding pipe was left sticking up 2 to 3 inches out of the cement where the water fountain once was. P. Reagan Supervisor of Building Trades and J. Delgadillo, Plumber III and Plant Operations are responsible for keeping prison grounds hazard free.
>
> I was permanently injured because of staff negligence. I would like to be awarded monetary damages because staff was aware of this water foundation being removed and should have never left the protruding pipe after removal of this water fountain. Deliberately indifferent to inmates safety.

Compl., at p. 2.

The complaint further states that plaintiff has exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). *See Booth v. Churner*, 532 U.S. 731, 741 (2001). The complaint does not specify the amount of damages or other relief sought.

In order to state a federal civil rights claim under the Eighth Amendment, plaintiff must demonstrate such deliberate indifference to the conditions of confinement as to violate contemporary standards of decency, i.e, by denying "the minimal civilized measure of life's necessities," or posing a risk of a harm "that is not one today's society chooses to tolerate." *Rhodes v. Chapman*, 452 U.S. 337 (1981); *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To be deliberately indifferent, a prison official or employee must know of, or infer from the circumstances, an intolerable risk of harm or injury, yet fail to take reasonable actions to mitigate or eliminate that risk. *Farmer*, 511 U.S. at 837.

3

Plaintiff's allegations do not, as presented, demonstrate such an egregious violation of common standards of decency to support a prima facie Eighth Amendment claim, but rather appear to allege a claim sounding in common law tort that is actionable in state, not federal, court. Absent original federal jurisdiction, this court may not consider a state law tort claim.[1]

The identity of the defendants presents an additional problem. Plaintiff appears to name as defendants the State of California, Solano State Prison, and prison employees "P. Reagan" (Supervisor of Building Trades), and J. Delgadillo (Plumber III and Plant Operations). Neither the State of California nor Solano State Prison are proper defendants in a § 1983 damages action, absent a bona fide request for injunctive relief. *See, e.g., Hason v. Medical Board of California*, 279 F.3d 1167, 1171 (9th Cir. 2002)(citing *Ex Parte Young*, 209 U.S. 123 (1908) (§ 1983 claim against the state and its agencies is barred by the Eleventh Amendment except to the extent the claim seeks prospective injunctive relief)). Nor are supervisory personnel liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Instead, a causal link between the supervisor and the claimed constitutional violation must be specifically alleged. *See, e. g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them"). Thus, in order to pursue a federal civil rights damages action, plaintiff must allege specific unconstitutional conduct by specific individual defendants acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

////

---

[1] A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively, the latter clearly not present here. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

4

Because plaintiff has failed to establish this court's subject matter jurisdiction, the complaint must be dismissed. However, in light of plaintiff's *pro se* status, he will be given the opportunity to file an amended complaint that may cure this defect.

An amended complaint must show that this court has jurisdiction, that venue is proper, that plaintiff is entitled to relief if his allegations are true, and must contain a specific request for relief. Fed. R. Civ. P. 8(a). The amended complaint must be complete in itself without reference to any prior pleading, because the filing of an amended complaint supercedes the original pleading. E. D. Cal. L. R. ("Local Rule") 15-220; *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to file an amended complaint within thirty (30) days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint."

4. Failure to file an amended complaint, or failure to demonstrate this court's jurisdiction in an amended complaint, will result in a recommendation this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim and establishing subject matter jurisdiction, the court will proceed with service of process by the United States Marshal.

SO ORDERED.

DATED: May 6, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE