IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY DURHAM,

    Plaintiff,　　　　　　　　　　　　No. CIV S-09-0331 MCE EFB PS

  vs.

STATE OF CALIFORNIA (SOLANO STATE PRISON); WARDEN JOHN W. HAVELAND; P. REAGAN; and J. DELGADILLO,　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 7, 2009, the court granted plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed the complaint with leave to amend. Dckt. No. 10. The court stated that, while plaintiff appeared to state a prima facie claim for negligence, plaintiff did "not appear to state a federal civil rights claim under 42 U.S.C. § 1983, and [] therefore failed to establish this court's subject matter jurisdiction." *Id.* at 2. The court further stated:

> The identity of the defendants presents an additional problem. Plaintiff appears to name as defendants the State of California, Solano State Prison, and prison employees "P. Reagan" (Supervisor of Building Trades), and J. Delgadillo (Plumber III and Plant Operations). Neither the State of California nor Solano

1

> State Prison are proper defendants in a § 1983 damages action, absent a bona fide request for injunctive relief. *See, e.g., Hason v. Medical Board of California*, 279 F.3d 1167, 1171 (9th Cir. 2002) (citing *Ex Parte Young*, 209 U.S. 123 (1908) (§ 1983 claim against the state and its agencies is barred by the Eleventh Amendment except to the extent the claim seeks prospective injunctive relief)). Nor are supervisory personnel liable under § 1983 for the actions of their employees under a theory of respondeat superior. Instead, a causal link between the supervisor and the claimed constitutional violation must be specifically alleged. *See, e. g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them"). Thus, in order to pursue a federal civil rights damages action, plaintiff must allege specific unconstitutional conduct by specific individual defendants acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Id.* at 4.

Plaintiff has now filed an amended complaint. Dckt. No. 13. The court has reviewed the amended complaint and, for the reasons stated below, once again finds that the complaint should be dismissed.

As the court previously noted, defendant the State of California (Solano State Prison) is immune from liability in a § 1983 damages claim. *See, e.g., Hason v. Medical Board of California*, 279 F.3d 1167, 1171 (9th Cir. 2002) (citing *Ex Parte Young*, 209 U.S. 123 (1908) (§ 1983 claim against the state and its agencies is barred by the Eleventh Amendment except to the extent the claim seeks prospective injunctive relief)). Because plaintiff only seeks damages in his amended complaint, that defendant must be dismissed without leave to amend.

Additionally, as the court previously noted, supervisory personnel are not liable for their actions under a theory of respondeat superior. *See, e. g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, plaintiff must allege specific unconstitutional conduct by specific individual defendants acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's amended complaint alleges that "the Facilities Maintenance Director and Supervisor" violated his rights by deliberately leaving a haphazard condition at CDC, Solano, and that their deliberate indifference caused plaintiff to injure himself. Dckt. No. 13 at 3. However, although plaintiff

makes these allegations, he does not indicate which of the specific named defendants engaged in this conduct, and he does not specify any unconstitutional conduct by the named warden.

Therefore, plaintiff's amended complaint will be dismissed. However, plaintiff will be granted leave to file a second amended complaint addressing the deficiencies stated above. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. He shall also specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, IT IS HEREBY RECOMMENDED that

1. Defendant State of California (Solano State Prison) be dismissed without leave to amend.

2. Plaintiff's amended complaint, Dckt. No. 13, be dismissed with leave to amend.

////

3. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file a second amended complaint, and that he be directed that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

4. Plaintiff be cautioned that failure to timely file a second amended complaint will result in a recommendation this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4